STATE *v*. JOSEPH C. GORDON et al.

When the indictments in these cases were presented, the Court made the following order :

" In this case it is ordered that the accused, when arrested, be allowed to give bond and security in the sum of one thousand dollars, and that the Sheriff be authorized to take and approve said bond."

*Held:*—That this order conferred on the Clerk authority to issue a bench warrant for the arrest of the accused, and also empowered the Sheriff to take and approve the bail bonds.

After an order for an arrest, in a criminal proceeding, has been made, no additional order, specially directing the Clerk to issue a bench warrant, is necessary.

The issuing of a bench warrant is a mere ministerial act, for the performance of which it is not necessary that the Clerk should possess judicial powers, conferred on him by law or delegated to him by the Court.

Where one party relies on and offers a portion of a record as evidence, the adverse party has the right to produce the whole of the record in evidence.

On a motion to enter up judgment against the principals and sureties on a bail bond, it is sufficient to assign as a reason for judgment that the bond was called, and the accused failed to appear in compliance therewith.

APPEAL from the District Court, Parish of Morehouse, *Crawford*, J. *Todd & Bingham*, and *Robert J. Caldwell*, for appellants. *R. W. Jemison*, District Attorney, Twelfth Judicial District, for State.

The facts are stated in the opinion of the Court.

TALIAFERRO, J.    At the October Term, 1865, of the Twelfth District Court, sitting in and for the Parish of Morehouse, an indictment for larceny was found against the defendant.

The points presented in this case being identical with those in the cases of the *State* v. *J. R. Johnson*, and the *State* v. *John E. Barker* and *John Herron*, also on appeal at this term of the Court, from the Parish of Morehouse, the three cases were consolidated and tried together.

The defendants in these three cases, with the exception of Barker, were arrested, and gave bonds with sureties for their appearance at the ensuing term of the Morehouse Court, to answer the charges preferred against them.   Failing to appear at the following term of the Court, a decree of forfeiture of the bonds was entered upon the minutes of the Court, and a judgment in solido was rendered in each case against the principals and their sureties, for the amounts expressed in the bonds.

After the entries upon the minutes, reciting the call at the Court-house door, of the principals for their appearance, and of the sureties to produce the persons of their principals; and after the orders were made and entered, declaring the forfeiture of the bonds ; but, as it seems, before final judgments were rendered, a rule was taken upon the District Attorney pro tem., by counsel for the sureties, to show cause why the decree of forfeiture of the bonds should not be set aside.   In support of the rule, the counsel state the following grounds :

1. That there was no judicial order of the Court, authorizing bench warrants to issue by the clerk, for the arrest of the accused parties ; and, in issuing the bench warrants, the clerk exercised a judicial power not vested in him by law, and that no order, delegating such power to the

clerk, appears on the minutes of the Court; and therefore the bonds are void, and the sureties are not bound.

2. That the District Attorney offered no proof that the accused failed to appear; neither did he offer evidence that the sureties failed to produce the bodies of their principals; and, if the warrants were properly and legally issued, the District Attorney did not prove by them that the accused had ever been arrested and released on bond. That the warrants did not command the sheriff to take the bonds; that they did not fix the amounts of the bonds, nor direct that the accused should furnish security.

The rules taken in these cases were discharged, and final judgments rendered against the parties.

The defendants appealed.

It will be more in order to consider, in the first place, the objections set up under the second head of defendants' rule to show cause.

That all the necessary acts preliminary to the rendition of the order declaring the forfeiture of the bonds, were performed, we are justified in concluding, under the rule omnia præsumuntur rite esse acta. This presumption the defendants aimed to rebut by evidence. On the trial of the rule they introduced the clerk of the Court as a witness. He testifies " that there is no other order on the minutes of this Court previous to the arrest of the accused, except the order made at the presenting of the indictmment, on the 21st of October, 1865, and on page 277 of minute book D." It appears from the note of evidence taken on the trial of the rule, that defendants introduced in evidence the minutes of the Court, found on page 277 of minute book D. We find nothing in the transcript indicated as copies of minutes found on the book and page named. We do find, however, an order, which, from its proximity in the record to the indictment, we infer is the one pointed to by the clerk in his testimony. To this order we shall presently refer. The clerk testified that he had no recollection whether or not, at the time the accused parties were called out on their bonds, the District Attorney offered any evidence. He stated that no note of evidence was taken down. He said that he did not know whether or not the bail bonds were offered in evidence. He said they were not filed *as evide e* at the time the forfeiture was declared. He makes the same statement in regard to the warrant and sheriff's return. This is all the testimony of the clerk bearing upon the point, as to whether sufficient evidence had been adduced to authorize the decree of forfeiture, and we think it insufficient to rebut the presumption that, prior to and at the time the parties were called on their bonds, the proper proceedings were had. It might well be, for all that the clerk testifies, that all the papers he was interrogated about passed under the eye of the judge, if they were not filed as evidence and no note made of their presentation. It is a fair inference, from the clerk's evidence, that bonds

47

were on file in the Court, although he says they were not filed *as evidence* at the time the order was rendered, decreeing the bonds forfeited.

This Court held, in the case of the *State* v. *Gossin*, 13 L. 97, that, " on a motion to enter up judgment against the principal and sureties, it is sufficient to assign as reasons for judgment that the bond was called, and the accused failed to appear in compliance therewith.

Coming now to the order, we find it in these words :

"In this case it is ordered that the accused, when arrested, be allowed to give bond and security in the sum of one thousand dollars, and that the sheriff be authorized to take and approve said bond."

We recognize it as a sound rule that, if by a fair interpretation of a written instrument, we can give it effect, we should do so rather than render it nugatory. Magis res valeat quam pereat. Construing that part of the order in question which is not full and explicit, in connection with and in reference to the other parts of the same act that are clear, definite, and in regard to the meaning of which we cannot be mistaken, we think that we come rightly to the conclusion that the order confers authority for the issuing of the warrant, for its execution and for the taking the recognizances of the accused parties.

But, in connection with the defendants' objection, under their first head, that no judicial order of the Court was rendered, authorizing a bench warrant to issue by the clerk for the arrest of the accused parties, they urge that there was no authorization to the clerk to issue the warrant. That, in issuing the bench warrant, the clerk exercised judicial power not vested in him by law, and that no order delegating such power to the clerk appears on the minutes of the Court.

We regard the issuing of the bench warrant as a mere ministerial act, for the performance of which it is not necessary that the clerk should possess judicial powers, conferred upon him by law or delegated to him by the Judge. He is an officer of the Court, the register of its proceedings, the custodian of its records, and his functions necessarily render him cognizant of all the judicial acts of the Court. The issuing of a bench warrant to arrest an accused party is not his act per se, but rather the act of the Court, performed by his ministry and agency. See C. P. Article 773, § 12.

An order for an arrest in a criminal proceeding being rendered, no additional order, specially directing the clerk to issue the warrant, seems necessary.

On the trial of the rule, the District Attorney offered in evidence the indictment, warrant, bond and sheriff's return. This was objected to by the plaintiffs in the rule, for the reason that one of the points set forth in the rule was that the judgment complained of was rendered without any evidence, and that the evidence offered on the trial of the rule and objected to, was an attempt to supply an omission to offer evidence before the judgment was rendered.

This objection was overruled and a bill of exceptions taken.

We find it noted by the Judge, in the bill of exceptions, that the evidence was admitted on the ground that the plaintiffs in the rule had introduced the bond in evidence, and regarding it as part of the record, it was allowed to be read on the trial of the rule. We think the objection was properly overruled. 11 An. 23. 8 An. 490. 12 An. 688. 13 An. 298. 14 An. 783.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, the appellants to pay the costs of this appeal.